## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**IRA JEROME ROSS (#498729)**  CIVIL ACTION NO.

**VERSUS**  20-774-BAJ-EWD

**JAMES M. LeBLANC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 1, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IRA JEROME ROSS (#498729)                  CIVIL ACTION NO.

VERSUS                  20-774-BAJ-EWD

JAMES M. LeBLANC, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint of Ira Jerome Ross ("Plaintiff"), who is representing himself and is confined at the Allen Correctional Center in Kinder, Louisiana.[1] Based on the screening process for such complaints, it is recommended that Plaintiff's claims be dismissed with prejudice as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A.

### I. Background

Plaintiff instituted this action against James M. LeBlanc, the Louisiana Department of Public Safety and Corrections ("LDPSC"), and the "Unknown" Chief of Operations for LDPSC (collectively "Defendants") alleging he was denied parole release in violation of his rights under the Fifth and Fourteenth Amendments, and his equal protection rights.[2] Plaintiff alleges he is entitled to "mandatory release" based on a revision to the relevant Louisiana statute.[3] Plaintiff seeks declaratory,[4] injunctive, and monetary relief.[5]

---

[1] R. Doc. 1.
[2] R. Docs. 1 & 1-2, p. 3.
[3] R. Doc. 1-2, p. 3.
[4] R. Doc. 1-2, p. 2.
[5] R. Doc. 1-2, p. 11.

**II.    Law & Analysis**

   **A.  Standard of Review**

Pursuant to 28 U.S.C. § 1915A, this Court is required to screen complaints in civil actions brought by prisoners against a governmental entity or an officer or employee of a governmental entity, and to dismiss claims that are frivolous, malicious, or fail to state a claim upon which relief may be granted.  A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[6]  A claim has no arguable basis in law if it is based upon a meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[7]  The screening process gives judges not only the authority to dismiss a claim that is based on a meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[8]  Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of the screening process.[9]

To determine whether the complaint states a claim under § 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[10]  Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[11]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[12]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13]

---

[6] *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[7] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[8] *Denton,* 504 U.S. at 32.
[9] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[10] *Plascencia-Orozco v. Wilson*, 773 Fed. App'x. 208, 209 (5th Cir. 2019) (citation omitted); *Hart v. Hairston*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[11] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[13] *Id.*

## B. Plaintiff's Claims are Prescribed on the Face of the Complaint

Plaintiff alleges that he was entitled to a "new parole eligibility date and [entitled to be] processed for parole release" on November 1, 2017.[14] Plaintiff filed an administrative remedy procedure grievance ("ARP") on November 3, 2017 requesting that his master prison record be altered to allow Plaintiff to be given a new parole eligibility date and to be released on parole.[15] According to the Complaint, Plaintiff's ARP was denied at the first step on November 20, 2017. The first step response indicated Plaintiff was denied relief because he was convicted of a crime of violence and because administrative parole, per the statute, only applied to those offenders sentenced on or after November 1, 2017.[16] Plaintiff timely proceeded to the second-step in the administrative remedy process. On December 11, 2017, Plaintiff's grievance was denied at the second step.[17] This action was filed on November 7, 2020.[18]

"There is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983. It is well established that federal courts borrow the forum state's general personal injury limitations period."[19] In Louisiana, the relevant prescriptive period is one year.[20] State law also governs

---

[14] R. Doc. 1-2, p. 4. It appears Plaintiff also sent a notice regarding parole to the district attorney, and Plaintiff was under the impression that if the district attorney did not oppose release, then Plaintiff would be automatically released without a parole hearing within 30 days. This notice was allegedly "given" to the district attorney on October 30, 2017. R. Doc. 1-2, p. 4.
[15] R. Doc. 1-2, p. 4.
[16] R. Doc. 1-2, pp. 4-5.
[17] R. Doc. 1-2, p. 5.
[18] R. Doc. 1, p. 5. The Complaint is considered filed on this date because pursuant to the prison mailbox rule, which generally applies to the filing of pleadings submitted to courts by Louisiana *pro se* inmates. Under the rule, an inmate's pleadings are considered to be filed on the date that they are presented to prison officials or placed into the prison mailing system for transmission to the Court, not on the date that they are ultimately received or docketed by the Court. *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995); *Vicks v. Griffin*, 07-5471, 2008 WL 553186, at *3 (E.D. La. Feb. 28, 2008). Notwithstanding that the Complaint was likely not placed in the prison mail until later than November 7, 2020 because the Certificate of Mailing attached to the Complaint form is dated November 11, 2020 (*see* R. Doc. 1-2, p. 12), the November 7th date will be used.
[19] *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). *See also, Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) ("Federal courts borrow state statutes of limitations to govern claims brought under section 1983."); *White v. Gusman*, 347 Fed. Appx. 66, 67 (5th Cir. 2009) (unpublished) ("The prescriptive period for a claim brought under § 1983 is provided by the law of the state in which the claim arose.").
[20] La. C.C. art. 3492; *Clifford v. Gibbs*, 298F.3d 328, 332 (5th Cir. 2002).

3

tolling, unless the state provisions regarding tolling are inconsistent with federal law.[21] Though the Louisiana prescriptive period of one year applies to Plaintiff's claims, federal law governs when his claims accrued.[22] Under federal law, a claim generally accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured" and that there is a connection between his injury and the defendant's actions.[23] "A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim."[24]

Prescription commenced at the latest on the day Plaintiff filed his ARP, November 3, 2017, because, on that date, Plaintiff clearly knew of the facts to support his claim.[25] While Plaintiff's grievance was properly pending, prescription was suspended[26] because of the statutorily created impediment to filing suit, which requires an inmate to exhaust his claims prior to filing.[27] A second step response to Plaintiff's ARP was issued on December 11, 2017; thus, Plaintiff had 365 days beginning from December 12, 2017 to file a complaint. Plaintiff's Complaint was filed on November 7, 2020, at which time 1061 days had passed that counted towards the prescriptive period, well over the 365 days allowed for filing. Accordingly, Plaintiff's claims are prescribed on the face of the Complaint.[28]

---

[21] *Bd. of Regents v. Tomanio*, 446 U.S. 478, 484 (1980).
[22] *Harris v. Hegmann*, 198F.3d 153, 157 (5th Cir. 1999).
[23] *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotation marks and citations omitted).
[24] *Id.* (citing *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).
[25] *See Bohannan v. Doe*, 527 Fed.Appx. 283, 298-94 (5th Cir. 2013) (affirming district court holding that the plaintiff's claim accrued no later than the date the plaintiff filed his grievance). The day prescription commenced, which in this case is the day the grievance was filed, is not counted towards the prescriptive period, and prescription accrues on the last day of the prescriptive period. *See Hitchen v. Southeast Community Health Systems*, No. 11-1029, 2012 WL 4324942, at *4 (E.D. La. Sept. 20, 2012).
[26] When prescription is suspended, the period of suspension is not counted toward the accrual of prescription, but the time that passes when prescription is not suspended counts towards the prescriptive period. *Adams v. Stalder*, 934 So.2d 722 (La. App. 1st Cir. 2006). Suspension of prescription simply causes the clock to stop running, but when the suspension ends, the clock continues to run from where it left off. *Id.*
[27] La. Civ. Code art. 3467; *Kron v. LeBlanc*, No. 11-2263, 2013 WL 823550, *2 (E.D. La. March 6, 2013).
[28] Because Plaintiff is representing himself, the undersigned has considered whether *contra non valentem* may save Plaintiff's claims and has concluded it does not. Though between the submission of Plaintiff's ARP at the second step

4

## C. Even if Not Time-Barred, Plaintiff's Claims Lack Merit[29]

Plaintiff's claim, at its core, is that Act 280 amended La. R.S. § 15:574.2(C)(4)(a) in a way that made him eligible for immediate release and that, in failing to release him, his due process rights have been violated. The presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release.[30] Courts of this state have specifically found that "Louisiana law has not created a liberty interest in parole that is protected by the Due Process Clause."[31] Further, the statute Plaintiff relies upon as having created parole eligibility for him does not apply.

The statute Plaintiff relied upon for his belief that he was entitled to immediate parole stated as follows:

> (4)(a) Notwithstanding any provision of law to the contrary, each offender who commits an offense on or after November 1, 2017, other than a crime of violence as defined in R.S. 14:2(B) or a sex offense as defined in R.S. 15:541, and eligible for parole pursuant to R.S. 15:574.4(A)(1), except those sentenced under R.S. 15:529.1 or R.S. 13:5401, shall be released on administrative parole on the

---

and receipt of the second step response, Plaintiff was allegedly informed that his parole eligibility date was November 1, 2017, this does not render the exceptional doctrine of *contra non valentem* applicable. Plaintiff was *able* to bring the claim but simply failed to do so, and thus, *contra non valentem* does not apply. *Terrebonne Parish School Bd. V. Mobil Oil Corp.*, 310 F.3d 870, 885 (5th Cir. 2002). Even if the prescriptive period was suspended for some time, prescription began to run again by no later than March 23, 2018 when Plaintiff was transferred to another facility and had still not been processed for parole. R. Doc. 1-2, p. 6. Giving Plaintiff the benefit of suspension until March 23, 2018, his claims are still prescribed as 959 days passed between the time of his transfer and the filing of this action.

[29] If the Court reaches the merits of Plaintiff's federal claims and dismisses them on the merits rather than based on prescription, the Court should decline the exercise of supplemental jurisdiction over any potential state law claims. A district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. If the case is dismissed on prescription, it is not necessary to address potential state law claims as all claims would be prescribed.

[30] *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1 (1979).

[31] *Bastida v. Leblanc*, 372 Fed.Appx. 443, 444 (5th Cir. 2010). *See also Stevenson v. Louisiana Bd. of Parole*, 265 F.3d 1060, at *1 (5th Cir. 2001). In *Bastida*, the Fifth Circuit affirmed a district court's dismissal as frivolous of a claim that the plaintiff was denied parole in violation of his due process and equal protection rights. The Fifth Circuit noted that the plaintiff had failed to point to any state laws that would mandate release and thus, give rise to a liberty interest entitled to protection by the Due Process Clause. Regardless of what provision of Louisiana law Plaintiff may be trying to invoke, Louisiana law does not create a liberty interest in parole that is protected by the Due Process Clause. Though Plaintiff appears to be under the impression that he was entitled to release, a review of the pertinent statute makes clear he was and is not.

> offender's parole eligibility date without a hearing before the committee if all of the following conditions are met:
> (i) The offender has completed a case plan pursuant to R.S. 15:827(A)(7), except as provided in Subparagraph (b) of this Paragraph.
> (ii) For any offender whose charge or amended charge on the bill of information was a crime of violence as defined by R.S. 14:2(B) or a sex offense as defined by R.S. 15:541, the following conditions are met:
> (aa) A victim of the offender has been notified pursuant to Subsection D of this Section and has not requested that the committee conduct a hearing.
> (bb) The district attorney of the parish in which the conviction occurred has been notified pursuant to Subsection D of this Section and has not requested that the committee conduct a hearing.
> (iii) The offender has not committed any major disciplinary offenses in the twelve consecutive months prior to the administrative parole eligibility date. A major disciplinary offense is an offense identified as a Schedule B offense by the Department of Public Safety and Corrections in the Disciplinary Rules and Procedures for Adult Offenders.
> (iv) The offender has agreed to the conditions of supervision.
> (b)(i) Except as provided in Item (ii) of this Subparagraph, if the offender has met the conditions provided in Items (a)(ii), (iii), and (iv) of this Paragraph, he shall still be released on administrative parole if the case plan was not created for him or the incomplete case plan was not the fault of the offender.
> (ii) The provisions of Item (i) of this Subparagraph shall not apply to persons who commit the offense on or after January 1, 2021.[32]

Plaintiff argues that "he is eligible for parole today" under the statute "because he meets all the conditions in R.S. 15:574.2(C)(4)(a)(ii)(iii)(iv)" and because the "one exception" for non-eligibility" is that the statute does not apply to persons convicted on or after January 1, 2021; Plaintiff is simply mistaken.[33] The plain language of the statute requires that the *offense have been committed* on or after November 1, 2017 but prior to January 1, 2021. Plaintiff's offense was committed prior to November 1, 2017, as Plaintiff was already incarcerated, and was seeking parole for the conviction related to that offense before that date. Accordingly, La. R.S. § 15:574.2, as amended by Acts 2017, No. 280, § 3, does not entitle Plaintiff to parole. Because Plaintiff is

---

[32] La. Stat. Ann. § 15:574.2 (November 1, 2017 – October 31, 2018). The relevant portion of the statute was enacted by 2017 La. Sess. Law. Serv. Act 280 (S.B. 139) § 3. Further, the pertinent portion of the statute relied upon by Plaintiff, La. R.S. 15:574.2(C)(4), was repealed in 2019 by 2019 La. Sess. Law Serv. Act 369 (H.B. 149).
[33] R. Doc. 1-2, pp. 7-8. Plaintiff also notes La. R.S. 574.4(F), but this statute specifically applies to persons who were "under the age of eighteen years at the time of the commission of the offense…."

not entitled to any relief regarding parole under this provision, there is no possibility that a liberty interest was established, such that Plaintiff's claims are legally frivolous.[34]

### D. Leave to Amend Should Not Be Permitted

"Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."[35] "Granting leave to amend, however, is not required if the plaintiff has already pleaded her best case,"[36] and leave to amend is not required when an amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'"[37] Plaintiff has not sought leave to amend at this time, however, because Plaintiff cannot state any non-frivolous federal claim consistent with the allegations of his Complaint, leave to amend should not be permitted.

### RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's claims be dismissed with prejudice as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A, and that this case be **CLOSED**.[38]

---

[34] Additionally, a § 1983 action is not the proper vehicle to seek release from confinement, which Plaintiff has also requested. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973)) ("prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'").

[35] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted).

[36] *Id.*

[37] *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (citing *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)) (quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)).

[38] If the recommendation is adopted, Plaintiff's pending Motion for Preliminary Injunctive Relief (R. Doc. 13) should be denied and terminated because Plaintiff has failed to state any cognizable federal claim, and, therefore, does not have any likelihood of success on the merits of any request for injunctive relief he may bring related to the Complaint, which is a requirement for obtaining a preliminary injunction. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

**ORDER**

**IT IS ORDERED** that the Motion to Have Summons Certified[39] and the Motion for Reconsideration of Order on Motion for Entry of Default,[40] filed by Plaintiff, are **DENIED**.[41] The denial of the Motion to Have Summons Certified is without prejudice to refiling in the event the recommendation for dismissal is not adopted.

Signed in Baton Rouge, Louisiana, on June 1, 2021.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[39] R. Doc. 8.
[40] R. Doc. 16.
[41] Plaintiff appears to be under the impression that he successfully served James LeBlanc by mailing LeBlanc a copy of the Complaint via certified mail. *See* R. Doc. 12. This is incorrect. Pursuant to Federal Rule of Civil Procedure 4(e), service of the Complaint cannot be made by mail. *See e.g., Able Sec. and Patrol, LLC v. Louisiana ex rel. Dept. of Public Safety and Corrections*, No. 07-1931, 2008 WL 3539693 at **3-4 (E.D. La. July 30, 2008) (granting motion to dismiss for failure to serve notwithstanding transmission of the Complaint by certified mail). Rather, the Complaint must be served by an individual, over eighteen years old, who is not a party to the suit, or by the United States Marshals Service or someone specially appointed. Fed. Rule Civ. Proc. 4(c). Because LeBlanc has not been properly served, Plaintiff's Motion for Reconsideration of Order on Motion for Entry of Default lacks merit.