UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**IRA JEROME ROSS**                                                CIVIL ACTION

VERSUS

**JAMES M. LeBLANC, ET AL.**                                NO. 20-00774-BAJ-EWD

RULING AND ORDER

Before the Court is the Magistrate Judge's **Report and Recommendation (Doc. 18),** recommending that the Court dismiss Plaintiff's claims with prejudice as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A. (*Id.* at p. 8). The Magistrate Judge found that Plaintiff's claims are prescribed on the face of the Complaint. (*Id.* at p. 4–5). The Magistrate Judge further found that even if not time-barred, Plaintiff's claims lack merit. (*Id.* at p. 6–8). Plaintiff timely objected. (Doc. 20; Doc. 21).

In his Objection, Plaintiff argues that the instant case should not be dismissed for the following reasons: (1) his claim is not time-barred because no federal statute of limitation applies to claims under 42 U.S.C. § 1983; (2) the Magistrate Judge should have applied a different section of the statute at issue; (3) Plaintiff does not have to be convicted on or after November 1, 2017, to be eligible for parole; (4) the law should be applied as written; (5) Plaintiff should have full and equal benefit of all laws and proceedings; and (6) the Prison Litigation Reform Act does not bar an award of nominal damages for a violation of constitutional rights. (Doc. 21, p. 1–6).

1

The Court overrules Plaintiff's objection because his claims are time-barred and Louisiana Revised Statutes § 15:574.2 does not entitle Plaintiff to parole.

First, Plaintiff's claim is time-barred. Plaintiff argues that there is no federal statute of limitation applicable to claims brought under 42 U.S.C. § 1983 or 28 U.S.C. § 1331. (Doc. 21, p. 2). Inasmuch as there is no federal statute of limitations for claims brought pursuant to 42 U.S.C. § 1983, a federal court must borrow the forum state's general personal injury limitations period for such claims.[1] *Puderer v. Cain*, No. CV 19-156-JWD-RLB, 2019 WL 4315019, at *2 (M.D. La. Aug. 19, 2019), *report and recommendation adopted*, No. CV 19-156-JWD-RLB, 2019 WL 4307876 (M.D. La. Sept. 11, 2019), *appeal dismissed*, 830 F. App'x 458 (5th Cir. 2020) (citing *Owens v. Okure*, 488 U.S. 235, 249–50 (1989)). In Louisiana, the applicable period of limitations is one year. *Puderer*, 2019 WL 4315019 at *2 (citing La. Civ. Code art. 3492.1).

Moreover, under federal law, a cause of action under 42 U.S.C. § 1983 accrues "when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof."

---

[1] In *Puderer v. Cain*, the Court dismissed Plaintiff's claims because they were time-barred by the one-year statute of limitations applicable to actions brought under 42 U.S.C. § 1983 in a federal court located in Louisiana. No. CV 19-156-JWD-RLB, 2019 WL 4315019, at *2 (M.D. La. Aug. 19, 2019), *report and recommendation adopted*, No. CV 19-156-JWD-RLB, 2019 WL 4307876 (M.D. La. Sept. 11, 2019), *appeal dismissed*, 830 F. App'x 458 (5th Cir. 2020). There, the *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed suit pursuant to 42 U.S.C. § 1983 against numerous defendants, complaining that his constitutional rights were violated due to denial of access to the law library. *Id.* at *1.

*Puderer*, 2019 WL 4315019 at *2 (citing *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995)). A plaintiff need not realize that a legal cause of action exists but must only have knowledge of the facts that support a claim. *Puderer*, 2019 WL 4315019 at *2.

Accordingly, Plaintiff had one year from the date he knew of the facts that allegedly support his claim to file suit. The Court agrees with the Magistrate Judge's analysis regarding the relevant timeline:

> Prescription commenced at the latest on the day Plaintiff filed his ARP, November 3, 2017, because, on that date, Plaintiff clearly knew of the facts to support his claim. While Plaintiff's grievance was properly pending, prescription was suspended because of the statutorily created impediment to filing suit, which requires an inmate to exhaust his claims prior to filing. A second step response to Plaintiff's ARP was issued on December 11, 2017; thus, Plaintiff had 365 days beginning from December 12, 2017 to file a complaint. Plaintiff's Complaint was filed on November 7, 2020, at which time 1061 days had passed that counted towards the prescriptive period, well over the 365 days allowed for filing. Accordingly, Plaintiff's claims are prescribed on the face of the Complaint.

(Doc. 18, p. 5). Plaintiff's claims are time-barred.

Second, even if not time-barred, Plaintiff's claims lack merit. Plaintiff argues that the Magistrate Judge applied the "non-violent statute," Louisiana Revised Statutes § 15:574.2(C)(4)(a), but should have applied the "violent crimes paragraph," Section 15:574.2(C)(4)(b)(i)–(ii). (Doc. 21, p. 2–3). The statute provides:

> (4)(a) Notwithstanding any provision of law to the contrary, each offender who commits an offense on or after November 1, 2017, other than a crime of violence as defined in R.S. 14:2(B) or a sex offense as

3

defined in R.S. 15:541, and eligible for parole pursuant to R.S. 15:574.4(A)(1), except those sentenced under R.S. 15:529.1 or R.S. 13:5401, shall be released on administrative parole on the offender's parole eligibility date without a hearing before the committee if all of the following conditions are met:

(i) The offender has completed a case plan pursuant to R.S. 15:827(A)(7), except as provided in Subparagraph (b) of this Paragraph.

(ii) For any offender whose charge or amended charge on the bill of information was a crime of violence as defined by R.S. 14:2(B) or a sex offense as defined by R.S. 15:541, the following conditions are met:

(aa) A victim of the offender has been notified pursuant to Subsection D of this Section and has not requested that the committee conduct a hearing.

(bb) The district attorney of the parish in which the conviction occurred has been notified pursuant to Subsection D of this Section and has not requested that the committee conduct a hearing.

(iii) The offender has not committed any major disciplinary offenses in the twelve consecutive months prior to the administrative parole eligibility date. A major disciplinary offense is an offense identified as a Schedule B offense by the Department of Public Safety and Corrections in the Disciplinary Rules and Procedures for Adult Offenders.

(iv) The offender has agreed to the conditions of supervision.

(b)(i) Except as provided in Item (ii) of this Subparagraph, if the offender has met the conditions provided in Items (a)(ii), (iii), and (iv) of this Paragraph, he shall still be released on administrative parole if the case plan was not created for him or the incomplete case plan was not the fault of the offender.

(ii) The provisions of Item (i) of this Subparagraph shall not apply to persons who commit the offense on or after January 1, 2021.

La. Rev. Stat. § 15:574.2.[2]

Even if Section 15:574.2(C)(4)(b)(i)–(ii) applies, Plaintiff's claim still fails. Section 15:574.2(C)(4)(b)(i)–(ii) provides, "if the offender has met the conditions provided in Items (a)(ii), (iii), and (iv). . ." Accordingly, for Section 15:574.2(C)(4)(b)(i)–(ii) to apply to Plaintiff, Plaintiff must first meet the requirements contained in Section 15:574.2(C)(4)(a)(ii)–(iv). Plaintiff does not meet these requirements for the following reasons:

> The plain language of the statute requires that the offense have been committed on or after November 1, 2017 but prior to January 1, 2021. Plaintiff's offense was committed prior to November 1, 2017, as Plaintiff was already incarcerated, and was seeking parole for the conviction related to that offense before that date. Accordingly, La. R.S. § 15:574.2, as amended by Acts 2017, No. 280, § 3, does not entitle Plaintiff to parole.

(Doc. 18, p. 7).

Having carefully considered the underlying Complaint, the Report and Recommendation at issue, Plaintiff's Objection, and related filings, the Court **APPROVES** the Magistrate Judge's Report and Recommendation, and **ADOPTS** it as the Court's opinion herein.

---

[2] "La. Stat. Ann. § 15:574.2 (November 1, 2017 – October 31, 2018). The relevant portion of the statute was enacted by 2017 La. Sess. Law. Serv. Act 280 (S.B. 139) § 3. Further, the pertinent portion of the statute relied upon by Plaintiff, La. R.S. 15:574.2(C)(4), was repealed in 2019 by 2019 La. Sess. Law Serv. Act 369 (H.B. 149)." (Doc. 18, n. 32).

Accordingly,

**IT IS ORDERED** that Plaintiff's claims are **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A.

Baton Rouge, Louisiana, this 23rd day of July, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**